# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PEMISCOT-DUNKLIN ELECTRIC COOP., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 1:06CV00018LMB |
| MICHAEL A. JACOBSON and LEROY PRINS TRUCKING, INC., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action was originally filed in the Circuit Court of Pemiscot County, Missouri. On February 8, 2006, Defendant Leroy Prins Trucking, Inc. removed the case to this court pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c). Currently pending is plaintiff's Motion to Remand and Suggestions in Support of (Document Number 8). Defendant Leroy Prins Trucking, Inc. has filed a Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. No. 9), to which plaintiff has filed a Response (Doc. No. 10).

In its Petition, plaintiff states that on October 1, 2002, Steven Seabaugh was operating a utility truck within the scope of his employment with plaintiff when he was struck in the rear-end by Defendant Michael A Jacobson, who was operating a tractor-trailer for his employer, Leroy Prins Trucking, Inc. As a result of the collision, plaintiff claims that Mr. Seabaugh suffered bodily injuries, for which plaintiff paid workers' compensation benefits in the amount of $191,141.43. Plaintiff seeks

to enforce its subrogation right to recovery granted to them under Section 287.150 of Missouri workers' compensation law. Plaintiff alleges two counts of negligence against defendants, stemming from their involvement in the collision between Mr. Seabaugh and Defendant Jacobson.

## **Discussion**

In its Motion to Remand, plaintiff argues that because its action arises under the workers' compensation laws of Missouri, it may not be removed to federal district court, pursuant to 28 U.S.C. § 1445(c). Plaintiff contends that Missouri workers' compensation law specifically grants a subrogation right to employers to recover damages from third parties for workers' compensation benefits paid to employees as a result of the liability of the third party. Plaintiff claims that where a plaintiff's workers' compensation subrogation claim is provided for by state statute, it arises under the state's workers' compensation law. Thus, plaintiff argues that its cause of action is a nonremovable action under 28 U.S.C. § 1445 and should be remanded to state court.

In its Memorandum in Opposition to plaintiff's Motion to Remand, Defendant Leroy Prins Trucking, Inc. argues that plaintiff's subrogation action does not "arise under" the workers' compensation laws of Missouri for the purposes of 28 U.S.C. § 1445(c). Defendant states that plaintiff has brought suit under a common law theory of negligence. Defendant contends that Section 287.150 is not an essential element of plaintiff's negligence claim, and that plaintiff's claim can be adjudicated without an interpretation of Missouri workers' compensation law. Defendant thus requests that the court deny plaintiff's Motion to Remand.

In its Response, plaintiff contends that defendant has relied on Seventh Circuit cases, whereas according to Eighth Circuit precedent, a subrogation claim clearly arises under the

workers' compensation laws of the state. Plaintiff further argues that the instant action requires this court to interpret Missouri workers' compensation law.

Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). If Section 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity. See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995). The issue of whether a cause of action "arises under" a state's workers' compensation law is governed by federal law. See Humphrey, 58 F.3d at 1245.

In Humphrey, the Eighth Circuit held that a former employee's claim of retaliatory discharge arose under Missouri workers' compensation laws because the right established by Missouri workers' compensation law to not be discharged in retaliation for seeking a workers' compensation claim was an essential element of plaintiff's claim and the success of the claim depended upon the interpretation of the Missouri workers' compensation statute. See Humphrey at 1246. The Eighth Circuit developed the following test in Humphrey:

> [u]nder the plain meaning of [Section 1445(c)], where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine.

Id. See Hanna v. Fleetguard, Inc., 900 F. Supp. 1110, 1118 (N.D. Iowa 1995). "On the other hand, if the claim is not expressly provided for in the state's statutory workers' compensation scheme, but rather is fashioned by the courts from a state's common law, the claim does not 'arise under' the state's workers' compensation laws and therefore can be removed." Id. Federal

courts should not "strain to find a way to entertain workmen's compensation suits." Kay v. Home Indem. Co., 337 F.2d 898, 901 (5th Cir. 1964).

Section 287.150 provides in relevant part:

1. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependants would have been entitled to recover. Any recovery by the employer against such third person shall be apportioned between the employer and employee or his dependants using the provisions of subsections 2 and 3 of this section.

Mo. Rev. Stat. § 287.150 (2000).

As the parties point out in their briefs, the specific issue of whether a subrogation claim "arises under" Missouri's workers' compensation laws and is therefore nonremovable under 28 U.S.C. § 1445 is one of first impression. In Zurich American Ins. Co. v. General Motors Corp., 242 F. Supp.2d 736 (E.D. Cal. 2003), however, the district court for the Eastern District of California considered whether the plaintiff's subrogation claim brought under the California Labor Code arose under California's workers' compensation law within the meaning of Section 1445(c). The Court stated that "[u]nder the *Humphrey* test, there is no question that the instant action is nonremovable." Zurich, 242 F. Supp.2d at 737. The California statute at issue in Zurich, California Labor Code § 3852, much like Section 287.150, confers a right of subrogation on employers and others who pay workers' compensation benefits. See id. at 737. The Court ultimately relied on Ninth Circuit precedent to hold that Section 1445(c) applied to preclude removal of the plaintiff's subrogation claim. See id. at 738-39.

In this case, Section 287.150, which is codified as part of Missouri's workers' compensation laws, creates a cause of action for employers for subrogation with respect to

workers' compensation benefits paid on behalf of employees. The employer's claim is derivative of the employee's claim. See State ex rel. Mo. Highway and Transp. Comm'n v. Copeland, 820 S.W.2d 80, 84 (Mo. App. 1991). "[E]ither the employee or the employer is plainly a real party in interest, and, of whatever sum he recovers from the third party, he is, in part at least, the trustee of an express trust, the employee to see that the employer's right of subrogation is protected, and the employer to see that the employee secures the surplus remaining after he himself is indemnified." Id. at 82 (quoting McKenzie v. Missouri Stables, Inc., 34 S.W.2d 136, 139 (1930)).

Plaintiff's Petition clearly states that plaintiff is asserting its right to subrogation pursuant to Section 287.150 to recover the workers' compensation benefits paid as a result of the negligence of defendants. See Pet. at ¶ 13. Plaintiff's negligence claims are clearly contingent upon the right to subrogation set forth in Section 287.150. As such, the right to subrogation established by Missouri workers' compensation law is an essential element of plaintiff's claims. Further, Section 287.150 defines the scope and limitations of the employer's right to recovery, and this action would require this court to interpret the statute. Thus, under the test set forth in Humphrey, plaintiff's claims arise under Missouri workers' compensation law within the meaning of Section 1445(c), and this court is divested of subject matter jurisdiction over this case. Accordingly, this court will order the matter remanded to the Circuit Court of Pemiscot County, Missouri, for further proceedings.

**ORDER**

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand (Doc. No. 8) be and it is **granted.**

**IT IS FURTHER ORDERED** that the instant cause of action is **remanded** to the Circuit Court of Pemiscot County, Missouri, for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court for the Eastern District of Missouri provide the Clerk of Court for the Circuit Court of Pemiscot County, Missouri a certified copy of this Order.

Dated this  18th   day of August, 2006.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE